**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO.: 2:26-cr-1 |
| REGINALD ANDRE BECKHAM, JR., et al., | |
| Defendants. | |

## O R D E R

The Government filed a Motion to Designate the Case as Complex and to Exclude Time Under the Speedy Trial Act.  Doc. 56.  Defendant Termaine Butler filed a Response in Opposition.  Doc. 378.  All other Defendants stated on the record or in open court that they did not oppose the Government's Motion and agreed the case should be designated as complex.  All defense counsel were afforded the opportunity to file written objections to the Motion.

In its Motion, the Government asks the Court to declare this case as unusual and complex under 18 U.S.C. § 3161(h)(7)(B) and, consequently, to exclude all time from the date the Motion was filed (February 4, 2026) until further order of the Court from computation under the Speedy Trial Act.  Doc. 56 at 4.  The Government argues that this case is unusual and complex for several reasons: the number of Defendants (56); the length of the indictment (49 pages detailing 100 separate counts); the geographic breadth of the allegations (implicating at least 15 counties across five judicial districts); the complexity of the investigation; and the significant expected discovery.  Doc. 56.  The Government argues that, as a result, "the customary time limits set forth in the Speedy Trial Act for cases not designated as 'complex cases' are unduly restrictive here."  Id. at 3.

Defendant Butler opposes any designation of this case as complex. Doc. 378. Butler argues that "concerns about the necessary time for discovery in this drug case will be addressed in the Court's scheduling order." Id. at 3. Butler further argues that speedy trial determinations in this case should be "in response to specific events or as-needed, rather than a blanket exclusion of all Speedy Trial clock time at the inception of the case." Id.

The Speedy Trial Act generally requires that federal criminal cases be brought to trial "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Several types of delay are, however, "excluded . . . in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). Relevant here, any delay "resulting from a continuance granted by any judge" may be excluded "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A). One factor the Court must consider in deciding whether to grant a continuance is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." Id. § 3161(h)(7)(B)(ii).

Defendant Butler does not dispute the Government's characterization of the case, other than to state that "[a]t heart, this is a drug case." Doc. 378 at 3. This case includes 56 Defendants and 100 counts in the indictment. Doc. 3. This Court and others have consistently found cases with fewer defendants and charges to be complex. See United States of America v.

Brinson, Case No. 5:25-cr-1, ECF No. 243 (S.D. Ga. Feb. 5, 2025) (finding a case involving 36 defendants and 60 criminal counts complex); United States v. Heard, Case No. 1:12-CR-40, ECF No. 63 (M.D. Ga. May 7, 2013) (designating a case complex that included a 20-page indictment, 27 counts, and 4 defendants).  And in this case, the Government alleges a complex criminal conspiracy extending back four years in multiple states.  Doc. 3.  The Government also argues, and Defendant Butler does not dispute, that discovery will be voluminous and will feature evidence obtained through a diverse range of methods, including: law enforcement reports; interviews of witnesses and informants; interviews of Defendants; surveillance; pole cameras; GPS trackers; residential warrants; electronic search warrants; social media accounts; controlled drug purchases; body camera and dashboard camera footage; toll records; expert witness review; and multiple wiretaps.  Doc. 56 at 2. Taken together, these factors demonstrate that it would be "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act.  18 U.S.C. § 3161(h)(7)(B)(ii).

After careful consideration and for good cause shown, the Court **GRANTS** the Government's Motion, doc. 56, and finds that the ends of justice served by designating this case as complex and excluding time under the Speedy Trial Act outweigh the best interest of the public and the Defendants in a speedy trial.  In making this determination, the Court has considered both the nature of the prosecution and the volume and complexity of discovery involved in the case.  The Court, therefore, concludes that absent a continuance under the Speedy Trial Act, it would be unreasonable to expect adequate preparation for trial or pretrial proceedings.  The Court declares this case unusual and complex under 18 U.S.C. § 3161(h)(7)(B) and excludes all relevant time from February 3, 2026, until further order of the Court from computation under the Speedy Trial Act.

This Order designates the entire case as complex, and it applies to all Defendants.  If any Defendant who has not yet appeared opposes the designation of this case as complex, that Defendant is ordered to file a written opposition to the Government's Motion within 14 days of appearing.  If a later-appearing Defendant fails to file a timely opposition, the Court will deem that Defendant to have consented to the designation of the case as complex and will waive any challenge to the designation and any challenge under the Speedy Trial Act.

**SO ORDERED**, this 8th day of April, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA